**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

MARCUS WRIGHT,                                                               PLAINTIFF
ADC #122117

v.                                        4:20CV01405-SWW-JTK

ASA HUTCHINSON, et al.                                                DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.    Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.    If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.    An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.    The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Marcus Wright is a state inmate confined at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action alleging improper medical care by Defendants. (Doc. No. 2). By Order dated December 7, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, but directed him to amend his Complaint in thirty days, noting that he did not allege specific facts with respect to most of the eighteen named Defendants. (Doc. No. 3) On December 18, 2020, the Court granted Plaintiff's Motion to Dismiss Defendants Magness, Chadick, Broomfield, Felts, Byers, and Glass. (Doc. No. 6)

Plaintiff has submitted an Amended Complaint in which he objects to the Court's determination that his Original Complaint failed to support a constitutional claim for relief. (Doc. No. 10); having reviewed it the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.  <u>Twombly</u>, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  <u>Id</u>.

## III.    Facts and Analysis

In his Original Complaint (Doc. No. 2), Plaintiff alleged that he is housed in a one-man cell in restrictive housing, where he has no cohabitation with other human beings. He stated he suffers from several debilitating life-threatening illnesses, for which he receives regular doses of medications. He claimed Defendants willfully failed to implement CDC guidelines issued in March 2020 concerning Covid-19 precautions, and that their inactions placed inmates at high risk of infections. In April 2020, Plaintiff submitted sick call requests and requests for interviews to Defendants Gibson, Shipman, and Parker, asking to be tested for Covid and protected from staff who were sickly. Those Defendants denied his requests, as did nurses King, Williams, Knowles, Jones, and Spradlin. In May, he submitted another request for testing to Parker, Shipman, Gibson, Well Path, and Griffin, complaining about coughing, sneezing, and headaches. Parker responded to his complaints by stating Plaintiff was seen at sick call on May 7, 2020 for the symptoms, that his blood pressure was high and medication was ordered for his cough, but that testing for Covid was not indicated. Finally, in August, Plaintiff tested positive for Covid. He discovered that multiple officers who had been in contact with him also tested positive and that Gibson and Shipman failed to quarantine their co-workers. He claimed Hutchinson, Graves, and Payne provided deliberate lies and stories to the general public and that all Defendants failed to provide adequate protection from the virus, which caused him to suffer physical harm, emotional distress,

fear, humiliation. Finally, he alleged Defendants' actions constitute a conspiracy to murder him by Covid infection.

In his Amended Complaint, Plaintiff complains that the Court's Order directing him to amend was issued in bad faith and abused judicial discretion, because he alleged a violation of constitutional right by Defendants and included dates, times and places. He also claims I am biased, am intentionally trying to thwart his efforts to proffer more evidence, and that I show a willingness to become a link in the Defendants' conspiracy.

To support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).

The Court finds that Plaintiff's failure to test allegations against Defendants constitute a disagreement over the type of treatment provided, and do not support a claim of deliberate indifference in violation of the Eighth Amendment. Plaintiff did not allege that his initial requests

for testing were due to illness or symptoms, and he does not allege that his treatment in May was inadequate or ineffective. With respect to his allegation concerning his positive Covid diagnosis in August 2020, he does not specifically allege acts by Defendants which caused his infection, other than vague complaints that other officers were sickly and Defendants failed to properly quarantine officers who worked with those that tested positive. He does not allege that he became sick or that Defendants failed to adequately quarantine or treat him. Therefore, Plaintiff's allegations fail to support a constitutional deliberate indifference claim.

The Court finds that Plaintiff's conspiracy allegation also fails to support a claim for relief, because he does not allege specific facts to show a mutual understanding or meeting of the minds by the Defendants. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

Finally, Plaintiff's allegation that I am biased and part of the alleged conspiracy are unfounded and lack factual substantiation. And to the extent that these allegations constitute a request for my recusal, that is denied. A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Federal Exp. Corp., 974 F.2d 982, 985 (8th Cir. 1992).

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 22nd day of January, 2021.


_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.